■ SIGMOIL RESOURCES N.V., Respondent, v VITTORIO LECCA DUCAGINI DUCA DI GUEVARA SUARDO FABBRI, Defendant, and NANO LIMITED, Appellant. WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, Nonparty Appellant. [630 NYS2d 746] —Appeals from order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 9, 1995, which directed a hearing on whether appellant's counsel should be held in contempt for releasing certain escrow funds, the amount of the fine to be assessed if contumacious conduct were found, and the extent of

actual loss or injury sustained by plaintiff by reason of the contempt, and orders, same court and Justice, entered January 20, 1995, which incorporated the oral decision rendered January 13, 1995, held appellant's counsel in contempt, and awarded plaintiff actual damages against appellant's counsel comprised of the proceeds derived from the sale of the subject apartment less the deductions to which both sides had agreed, plus interest, unanimously held in abeyance pending further proceedings.

The court below, identifying the manner in which appellant law firm violated four specific orders, held the firm in contempt. On the record before this Court when the appeal was argued, it appeared that the firm's interpretation of the attachment order ignored its "central concern" and was an exercise in " 'grammatical gymnastics' " (*Powell v Ward*, 643 F2d 924, 932, *cert denied* 454 US 832). However, subsequent proceedings have been brought to our attention that may affect the outcome of this appeal.

On May 25, 1995, a Judicial Hearing Officer (J.H.O.), to whom this and a related matter had been referred by the IAS Court to "hear and determine", rendered an oral decision on the record, which was also reduced to a short form written decision. The J.H.O. found the within proceeding to be jurisdictionally defective, dismissed the action and declared the attachment, the violation of which is the subject of the within contempt, void ab initio. As the correspondence from counsel for both sides makes clear additional litigation relating to this most recent holding below is anticipated. At this juncture it is unclear what, if any effect, the May 25th determination would have on the issues presented on this appeal.

Accordingly, the appeal will be held in abeyance until 30 days after entry of an order determining a motion to confirm the J.H.O.'s May 25, 1995 decision. Either party may then move this Court for consolidation of this appeal with any appeal from the order on the motion to confirm, or to have this appeal decided on the present record. However, to preserve the status quo and to insure that the rights of all parties are protected, and also in consideration of the merits apart from jurisdiction, appellant's counsel is directed to deposit into court $625,000 or to post a bond to secure that amount in the event that there is ultimately a determination unfavorable to it. Should appellant's counsel fail to comply with this direction within 30 days from the date hereof, the appeal will be determined on the present record. Concur—Rosenberger, J. P., Wallach, Rubin and Mazzarelli, JJ.